JOSEPH A. RATTE, administrator, *vs.* ARTHUR RATTE & others.

Essex.    March 23, 1927.— May 24, 1927.

Present: RUGG, C.J., PIERCE, CARROLL, WAIT, & SANDERSON, JJ.

*Equity Jurisdiction*, To enforce contribution.  *Joint Tenants and Tenants in Common.  Executor and Administrator.*

A husband and wife, who owned certain real estate as tenants in common, mortgaged it to secure the payment of $4,600. Later they purchased a second parcel, title to which they received as joint tenants, and then mortgaged both parcels to secure the payment of $32,000, the earlier mortgage being discharged. The wife then died. The amount due on the last mortgage at the time of her death was $22,500. The husband was appointed administrator of her estate, and after procuring leave to sell her interest in the real estate which had been owned by them as tenants in common, he sold both his and her interest for $40,000, paid off the mortgage and in his account charged the wife's estate with $11,250 and interest, one half of the amount used for such discharge. The item was disallowed in the Probate Court. *Held,* that

(1) The husband's right to require the estate of the wife to contribute toward the discharge of the mortgage was not founded on contract but

was based on principles of equity obliging those who assume a common burden to bear it in equal proportions;

(2) To exonerate the estate which the husband acquired as survivor in the land formerly held by him and his wife as joint tenants at the expense of the wife's estate in the real estate formerly held by them as tenants in common would be inequitable; the burden which, when the payment was made, was upon the land which was owned exclusively by him as the surviving joint tenant was not common to the two parcels;

(3) In refusing to allow the administrator to exempt the real estate belonging to him as the survivor, the decree was in accordance with equity, and was right;

(4) However, the husband should be allowed by way of contribution for the payments made by him for the benefit of the wife's share in the land held by them as tenants in common; which would be one half of $4,600 and interest from her death to the payment of the mortgage.

PETITION, filed in the Probate Court for the county of Essex on November 3, 1926, for the allowance of the first amended and final account of the administrator of the estate of Ilda Ratte, late of Lawrence.

The petition was heard by *Dow*, J., upon an agreed statement of facts. Material facts and a final decree entered by order of the judge are stated in the opinion. The petitioner appealed.

The case was submitted on briefs.

*H. A. Cregg, M. A. Cregg, & R. De B. La Brosse,* for the petitioner.

*W. E. Rowell, P. R. Clay, & J. S. Eastham,* for the respondents.

CARROLL, J. This is an appeal from a decree of the Probate Court disallowing payments made by the appellant, Joseph A. Ratte, administrator of the estate of his wife, Ilda Ratte.

The husband and wife owned a tract of land as tenants in common, which they mortgaged for $2,800. This note and mortgage, as well as all subsequent mortgages, were executed by them as principals. The mortgage for $2,800 was later discharged and a new mortgage executed. Two other parcels of land were subsequently acquired by the husband and wife and held by them as joint tenants. In June, 1909, a mortgage for $10,400 was made, covering the tract owned in common and one of the lots held by them as joint tenants.

The mortgage on the two parcels was finally discharged in April, 1910, and replaced by a mortgage of $23,000. This mortgage was also discharged, and a new mortgage in the sum of $32,000 was executed, covering the tract held in common as well as the two parcels owned in joint tenancy. Mrs. Ratte died in November, 1918. At that time the amount due on the mortgage was $22,500. She left no personal property and her entire estate consisted of her interest in the first parcel owned in common by herself and her husband. The administrator was licensed to sell the wife's undivided half interest to pay her debts and the expenses of administration. When the sale was made he at the same time sold his interest in this tract, receiving for the entire interest of his wife and of himself in the common land $40,000. From the proceeds of the sale he paid the mortgage of $22,500. In his account the appellant charged the wife's estate with $11,250, or one half of the sum due on the mortgage, and in addition the sum of $3,622.87, one half the interest paid thereon by him from the date of the wife's death to the date of the sale. These items were not allowed by the Probate Court. From the decree disallowing them, the administrator appealed.

The note was signed by the appellant and his wife as principals. The mortgage securing the note covered the land which they held as tenants in common, as well as the land owned by them as joint tenants. On the death of the wife, the husband surviving her, the entire interest in the land held by them as joint tenants belonged to him. See *Palmer* v. *Treasurer & Receiver General*, 222 Mass. 263, 264; *Marble* v. *Treasurer & Receiver General*, 245 Mass. 504. The right of contribution arises when, and not before, a debt is paid by one debtor for the benefit of all the joint debtors. *Wood* v. *Leland*, 1 Met. 387, 388, 389. See *Hill* v. *Fuller*, 188 Mass. 195.

When the note and mortgage were paid by the appellant, he owned one half of the land which had been held by the tenants in common, but the land formerly held by the husband and wife as joint tenants was then his sole property. As the mortgage included all the real estate, in paying the

mortgage he discharged an encumbrance on his own land as well as on the land of his wife. The right to require her estate to contribute is not founded on contract; it is based on principles of equity obliging those who assume a common burden to bear it in equal proportions. *Chaffee* v. *Jones*, 19 Pick. 260, 264. *Putnam* v. *Misochi*, 189 Mass. 421. To exonerate his own estate encumbered by the mortgage at the expense of his wife's estate would not be equitable. There was, when the payment was made, no common burden upon the land which was owned exclusively by him as the surviving joint tenant. This part of the burden was entirely his. His sole property, as well as the property held as tenants in common, was liable for the mortgage debt, but he could not enforce by way of contribution on his wife's estate the payment of one half of the entire debt, which was secured in part by his own property. In refusing to allow the administrator to exempt the real estate belonging to him as the survivor, the decree was in accordance with equity, and was right.

The husband should, however, be allowed by way of contribution for the payments made by him for the benefit of the wife's share in the land held by them as tenants in common. See *Packard* v. *Nye*, 2 Met. 47; *Newcomb* v. *Gibson*, 127 Mass. 396. Mrs. Ratte was not a surety for her husband. She was a joint maker of the note and mortgage, and her estate should contribute to the extent to which it was exonerated by the discharge of the mortgage. As the burden was a common one, they were equally liable for the encumbrance on the land held in common. See *Ricker* v. *Ricker*, 248 Mass. 549; Bispham, Equity (5th ed.) § 334.

In June, 1909, the mortgage on the land held in common amounted to $4,600. This mortgage was discharged and a new mortgage executed covering this land and one of the tracts acquired by the appellant and his wife as joint tenants; the difference between the amount of the new mortgage and $4,600 being applied to the purchase price of the property in joint tenancy. This proportion continued when the mortgage for $32,000 was given; when this mortgage was reduced by payments there was no application of the payments and

the proportion of the mortgage on the land held in common remained at $4,600. The benefit therefore received by this tract when the mortgage was finally paid was $4,600 with interest from Mrs. Ratte's death to the time of payment. There was nothing in the course of business of the parties to require the application of payments from the proceeds of the land to this particular tract. Apparently all the rents were used as joint funds in the payment of debts without discrimination as to any particular debt.

To the $4,600, the amount of the mortgage on the land held in common, there should be added interest from the date of Mrs. Ratte's death, November 18, 1918, to the date of the payment of the mortgage; and for one half of this total amount the appellant should be allowed in his account.

It follows that the decree must be reversed, and the case remanded to the Probate Court for a further accounting in accordance with this opinion.

*Ordered accordingly.*