HERMENEGILDE N. QUINTIN *vs.* HENRY J. MAGNANT.

Bristol.   October 23, 1933. — February 24, 1934.

Present: RUGG, C.J., CROSBY, PIERCE, DONAHUE, & LUMMUS, JJ.

*Bills and Notes,* Contribution as between joint and several makers. *Limitations, Statute of. Contribution.*

The right of contribution between joint or joint and several debtors is based on the general principle of justice that, in the absence of an agreement between them otherwise, persons assuming a common burden shall bear it equally.

A promissory note, secured by a mortgage of real estate, was signed by two as joint and several makers, the signature of one only of them being attested by a witness. About fifteen and one half years after the note became due, an action was brought against both makers to recover a deficiency existing after a sale in foreclosure of the mortgage. By reason of the statute of limitations, judgment was entered therein for the maker whose signature was not attested. A judgment was entered against the other maker, which he paid. He thereupon brought an action against his comaker to require contribution of one half of the amount paid on the judgment. There was a finding for the plaintiff. *Held,* that

(1) The fact that the defendant had acquired a personal defence against the action by the creditor by reason of the running of the statute of limitations did not absolve him from his duty to contribute which arose upon the payment of the debt by the plaintiff who had no such defence;

(2) The finding for the plaintiff was right.

CONTRACT.   Writ in the Third District Court of Bristol dated December 14, 1932.

In the District Court, the action was heard by *Milliken,* J.   Material facts are stated in the opinion.   There was a finding for the plaintiff in the sum of $1,633.62 and interest, and a report to the Appellate Division for the Southern District was ordered dismissed.   The defendant appealed.

*E. L. Marchant,* for the defendant.

*O. Prescott, Jr.,* for the plaintiff.

LUMMUS, J.   This action was presented to the District Court upon a case stated.   The plaintiff and the defendant, owning certain real estate as tenants in common, on May

6, 1911, borrowed money and gave therefor their joint and several note for $3,500 payable in five years with interest payable quarterly at the rate of six per cent per annum, secured by a mortgage of said real estate. The signature of the plaintiff to the note was attested by a witness, but the signature of the defendant was not.. In 1912, the plaintiff and the defendant conveyed the real estate to a third person, who assumed and agreed to pay the mortgage. On October 2, 1931, the then holder of the note and mortgage brought an action on the mortgage note against the plaintiff and the defendant, and on December 4, 1931, recovered judgment against the plaintiff alone for the balance due on the note, $3,467.25, but judgment was rendered in favor of the defendant Magnant on the ground of the statute of limitations. The plaintiff satisfied the judgment in full on December 9, 1931, and claims contribution from the defendant to the extent of half the judgment, $1,733.62, less $100 which is half the amount received by the holder of the note and mortgage upon a foreclosure sale, leaving a balance of $1,633.62. The District Court and the Appellate Division decided in favor of the plaintiff, and the defendant appealed.

The right of contribution, though often enforced among joint sureties, is by no means limited to them. It exists as well in the case of joint, or joint and several, debtors who are principals and not sureties (*Chandler* v. *Brainard,* 14 Pick. 285; *Packard* v. *Nye,* 2 Met. 47; *Ray* v. *Powers,* 134 Mass. 22; *Hill* v. *Fuller,* 188 Mass. 195; *Ratte* v. *Ratte,* 260 Mass. 165; *Odiorne* v. *Moulton,* 64 N. H. 211; *Licht* v. *Klipp,* 213 Iowa, 1071; *Lorimer* v. *Julius Knack Coal Co.* 246 Mich. 214; 64 Am. L. R. 210), if their obligations are equal in kind and degree. *Stone* v. *Fenno,* 6 Allen, 579. It arises when, and not before, one debtor pays the common debt. *Thayer* v. *Daniels,* 110 Mass. 345. *Spelman* v. *Talbot,* 123 Mass. 489. *Ratte* v. *Ratte,* 260 Mass. 165, 167. *Waters* v. *Waters,* 110 Conn. 342. It may be modified by contract (*Blake* v. *Cole,* 22 Pick. 97; *Mansfield* v. *Edwards,* 136 Mass. 15; *Tait* v. *Downey,* 267 Mass. 422, 430; 64 Am. L. R. 213, 221; 65 Am. L. R. 822), but it is based, not on contract, but on the

general principle of justice that persons assuming a common burden shall bear it equally. *Dering* v. *Earl of Winchelsea*, 1 Cox Ch. 318. *Putnam* v. *Misochi*, 189 Mass. 421. *Ratte* v. *Ratte*, 260 Mass. 165, 168. *Cass* v. *Stearns*, 66 N. H. 301. It extends to cases where no really contractual obligation to contribute could be implied. *Warner* v. *Morrison*, 3 Allen, 566. *McBride* v. *Potter-Lovell Co.* 169 Mass. 7. *Ratte* v. *Ratte*, 260 Mass. 165. *Asylum of St. Vincent de Paul* v. *McGuire*, 239 N. Y. 375; 38 Am. L. R. 1214. It is true that contribution may be enforced in an action of contract (*Batchelder* v. *Fiske*, 17 Mass. 464; *Warner* v. *Morrison*, 3 Allen, 566; *Griffin* v. *Kelleher*, 132 Mass. 82; *Weeks* v. *Parsons*, 176 Mass. 570, 576), but in many instances the contract is implied by legal fiction rather than found by rational inference. *Barry* v. *Ransom*, 12 N. Y. 462, 466. A bill in equity often affords more complete remedies. *Cary* v. *Holmes*, 16 Gray, 127. *New England Trust Co.* v. *New York Belting & Packing Co.* 166 Mass. 42, 47. *Durfee* v. *Kelly*, 228 Mass. 571. *Tait* v. *Downey*, 267 Mass. 422, 430. *Wolmershausen* v. *Gullick*, [1893] 2 Ch. 514.

In the present case, since the debt was a valid common burden in its origin (*Connor* v. *Craig*, 226 Mass. 255, 257, 258), the fact that one debtor has acquired a personal defence by the running of the statute of limitations against an action by the creditor, does not absolve him from his duty to contribute which arises upon the payment of the debt by the other debtor who has no such defence. *Wood* v. *Leland*, 1 Met. 387, 388. *Goldthwait* v. *Day*, 149 Mass. 185, 188. *Boardman* v. *Paige*, 11 N. H. 431. *Young* v. *Burnett*, 81 N. H. 163. *Hard* v. *Mingle*, 141 App. Div. (N. Y.) 170, affirmed 206 N. Y. 179. *Frew* v. *Scoular*, 101 Neb. 131; L. R. A. 1917 F, 1065. See also *Thayer* v. *Daniels*, 110 Mass. 345; *Seabury* v. *Sibley*, 183 Mass. 105, 107. There is nothing inconsistent with this in *Spelman* v. *Talbot*, 123 Mass. 489.

*Order of judgment for the plaintiff affirmed.*