SAMUEL HURWITZ *vs.* ELI MELTZER & another.

Bristol.    October 22, 1934. — November 30, 1934.

Present: RUGG, C.J., PIERCE, FIELD, DONAHUE, & LUMMUS, JJ.

*Partnership*, Contribution between partners after dissolution. *Surety. Guaranty.*

In a suit in equity, the following facts appeared: The plaintiff, one of the members of a partnership, gave a mortgage of partnership real estate standing in his name and later conveyed it. The grantee agreed with the plaintiff to assume and pay the mortgage. The partnership was dissolved thereafter without any accounting being had with respect to the mortgage. Subsequently, the grantee executed a guaranty of the mortgage note. At a sale in foreclosure of the mortgage, the plaintiff purchased the property, gave the mort-

gagee a new mortgage for most of the purchase price, paid to the mortgagee a deficiency remaining on the old mortgage note, and procured an indorsement to himself of that note; and subsequently conveyed the premises to the wife of the former grantee for a small sum in cash and a second mortgage, which together equalled the amount of the deficiency so paid. Later, the plaintiff took possession of the premises under that second mortgage and then commenced the suit, which was against two persons who had been his partners. A decree was entered ordering the defendants to pay to the plaintiff two thirds of the amount of the deficiency which the plaintiff had paid to the original mortgagee. Upon appeal by the defendants, it was *held*, that

(1) The right of the plaintiff to such contribution by the defendants was not impaired by his having conveyed the property to the wife of the former grantee and his having received therefor the second mortgage and cash which together equalled the amount with respect to which he sought contribution;

(2) Such transaction with the wife of the former grantee did not operate to release the former grantee from his guaranty of the original mortgage note, and therefore did not constitute a violation by the plaintiff of his duty to the defendants;

(3) The decree was proper and must be affirmed.

CONTRACT. Writ in the Third District Court of Bristol dated March 29, 1930.

Upon removal to the Superior Court, a motion by the plaintiff that the action be amended into a suit in equity was allowed, and the plaintiff filed a bill seeking contribution from the defendants as described in the opinion.

The suit was referred to a master, who made the following findings, among others:

"In August, 1929, there being a default on the York mortgage, foreclosure proceedings upon that mortgage were begun. At the foreclosure sale the property was purchased by the plaintiff for $3,550 and the foreclosure deed delivered to the plaintiff on September 13, 1929. Over and above the purchase price the plaintiff paid to York the sum of $2,135.53, the amount of the deficiency on the mortgage note. In the transaction the plaintiff gave a new mortgage to . . . York . . . in the sum of $3,500. The original York mortgage, as heretofore set forth, secured a note of $5,500, dated June 26, 1923, signed by the plaintiff, and at the time of foreclosure the note bore the following agreement: 'March 31, 1927. I hereby guarantee pay-

ment of principal and interest of within note. Jacob Liss.'
At the time that the plaintiff paid to York the sum of
$2,135.53, he procured from York an indorsement on the
note as follows: 'Pay to the order of Morris Handler with-
out recourse to me. George A. York.' Morris Handler
was holding the note for the accommodation of the plaintiff.
The plaintiff on September 27, 1929, conveyed the equity
in the premises to Jennie Liss, wife of Jacob Liss, for $2,135,
taking from her a second mortgage on the premises for
$2,000 and $135 in cash. . . . The title, as the matter now
stands, is in Jennie Liss, subject to a first mortgage . . .
in the sum of $3,500 and a second mortgage to the plaintiff
in the sum of $2,000, and the plaintiff is second mortgagee
in possession. . . . As to the loss sustained in the York
mortgage foreclosure, I am of opinion and find that, the
mortgage being in fact an obligation of the three partners,
they ought in equity to share the loss equally. I find,
however, that the defendants had no obligation beyond the
liability incurred in the York mortgage foreclosure. Had
the plaintiff bid in the property at the foreclosure sale and
had the matter rested there, he might well claim that he
bid in the property in their common interest, in order to
minimize the losses of himself and the defendants, and that
he held the title so acquired for the benefit of himself and
them, though as to this I make no finding or ruling. His
joint interest with them of itself did not warrant his mort-
gaging to York, . . . His sale to Jennie Liss, his taking the
mortgage from her for the purchase price and his dealing
with the property thereafter being without authority from
the defendants, he must be assumed to have acted on his
own responsibility and in his own individual interest, and
for the result of these transactions he cannot in my opinion
charge the defendants. I find that in equity the defend-
ants, unless the court on the facts heretofore found shall
rule as matter of law that there is no liability, are obligated
to contribute to the plaintiff two-thirds of the loss incurred
on the foreclosure of the York mortgage, viz: the sum of
$1,423.33, plus interest . . . ."

By order of *Hanify,* J., there were entered an interlocu-

tory decree confirming the master's report, and a final decree directing the defendants to pay to the plaintiff $1,423.33 with interest and costs. The defendants appealed.

Among other contentions in their brief before this court, the defendants urged that the plaintiff, by taking the second mortgage in the sum of $2,000 and cash in the sum of $135 from Jennie Liss, released Jacob Liss from liability on his guaranty of the original mortgage note to York, and by so doing "violated his duty to avoid losses to his copartners as far as possible"; that the defendants were not liable to the plaintiff "for the deficiency which the plaintiff could have collected from Jacob Liss on his contract of guaranty"; and that when the plaintiff "sold the premises to Jennie Liss subject to a first mortgage of $3,500 and took back a second mortgage to himself for $2,000 and received $135 in cash, he received full accord and satisfaction of the deficit on the original $5,500 York mortgage and therefore the defendants are not liable."

The case was submitted on briefs.

*T. F. O'Brien & S. E. Bentley,* for the defendants.

*S. Rosenberg,* for the plaintiff.

Lummus, J. The plaintiff seeks contribution from the defendants, formerly his partners, · for a loss sustained because of obligations incurred in the holding in his own name of title to real estate bought by the partnership. The plaintiff became liable on two mortgage notes, one for $5,500 to one York and a second for $6,950 to one Del-Pozzo. Afterwards, in 1923, the plaintiff conveyed the real estate to one Liss, who assumed and agreed to pay the mortgages. The partnership was dissolved in 1925, and no consideration was given to the liability of the plaintiff on the mortgage notes.

No loss on the DelPozzo mortgage note, the master and the judge have found, is chargeable to the defendants. But in 1929 the York mortgage was foreclosed, and the plaintiff bought in the real estate at the foreclosure sale for $3,550, giving a mortgage back to York for $3,500, nearly the whole purchase price, and paying to York the deficiency of $2,135.53 on the mortgage note. Thus he established

his loss as $2,135.53, for two thirds of which he seeks payment by way of contribution from his two partners, the defendants. *Quintin* v. *Magnant*, 285 Mass. 450.

The master and the judge found that the plaintiff's right to such contribution was not impaired when, a few weeks later, the plaintiff conveyed his equity of redemption to the wife of Liss for $135 in cash and a second mortgage for $2,000, and thereby, assuming the second mortgage to be good, regained the amount lost. Since, however, the plaintiff has been compelled to take possession under his second mortgage, it remains uncertain whether in fact he will regain the amount lost or not. This transaction with the wife of Liss did not operate to release Liss from his guaranty of the York mortgage, which had been assigned by York to the plaintiff. In this they were right. The final decree giving the contribution claimed is affirmed, with costs.

*Ordered accordingly.*