ELEANOR L. FLORIO *vs.* ABRAHAM GREENSPAN, administrator, & others.

Hampden.    March 9, 1960. — April 4, 1960.

Present: WILKINS, C.J., SPALDING, WILLIAMS, WHITTEMORE, & CUTTER, JJ.

*Exoneration. Contribution. Tenants by the Entirety. Real Property,* Tenancy by the entirety.

Where husband and wife, in a purchase of real estate conveyed to them as tenants by the entirety, both executed as principals a note and a mortgage of the property for a loan used by them to pay a part of the purchase price, and subsequently the wife became the sole owner of the property by survivorship upon the death of the husband, she was not entitled to exoneration or contribution by his estate with respect to the whole or any part of the mortgage debt.

BILL IN EQUITY, filed in the Supreme Judicial Court for the county of Hampden on October 11, 1957.

Upon transfer to the Superior Court the suit was heard by *Dewing, J.* The plaintiff appealed from the final decree.

*Burton Chandler, (Saul A. Seder* with him,) for the plaintiff.

*John F. Moriarty & John S. Begley, (Abraham Greenspan* with them,) for the defendants.

SPALDING, J.  In June, 1955, Stephen Florio, contemplating marriage to the plaintiff, contracted to purchase a house in Longmeadow.  To finance this purchase in part, he applied to the Holyoke National Bank (hereinafter called the bank) for a mortgage loan on the property.  On July 9, 1955, Stephen and the plaintiff were married, and on July 20 they acquired title to the house as tenants by the entirety.  The purchase price was $40,000.  Of this sum Stephen contributed $12,000 and the plaintiff $8,000.  The balance of $20,000 was paid from the proceeds of a loan by the bank which was secured by a mortgage on the property for that amount.  Both the note and the mortgage were dated July 20, 1955, and were signed by Stephen and the plaintiff.  The formal application for the loan, also dated July 20, was signed by both.  Stephen died intestate on October 26, 1955.  Prior to his death, Stephen made monthly payments to the bank as required by the note.  At the time of his death, the amount remaining due on the note was $19,675.50, and at the time of trial, as the result of payments made by the plaintiff, the unpaid balance was $16,342.55.  From the time they acquired the house Stephen and the plaintiff occupied it as their home, and after Stephen's death the plaintiff continued to live in it.

The plaintiff brought this bill in equity for declaratory relief against the administrator of Stephen's estate for an adjudication that the unpaid balance of the note was an obligation of the estate which the administrator must discharge.[1]  On the basis of the foregoing facts, which are not in dispute, the judge ruled that the plaintiff was not entitled to exoneration or contribution from Stephen's estate with respect to the note either in whole or in part.  From a decree in accordance with this ruling, the plaintiff appealed.  The evidence is reported.

There was no error.

In *Ratte* v. *Ratte*, 260 Mass. 165, a husband and wife

---

[1] Jon S. Florio and Susan G. Florio, who are minors and the heirs at law of Stephen, were permitted to intervene as parties through their guardian Edward J. Greenspan, Esq.

owned real estate as joint tenants which they mortgaged as security for a loan. Both signed the mortgage and note as principals. After the wife's death, the husband paid the balance due on the mortgage and sought to charge his wife's estate with half of the sum so paid. It was held that he was not entitled to contribution from her estate. The court said, "The note was signed by . . . [husband] and his wife as principals. . . . On the death of the wife, the husband surviving her, the entire interest in the land held by them as joint tenants belonged to him. . . . The right to require her estate to contribute is not founded on contract; it is based on principles of equity obliging those who assume a common burden to bear it in equal proportions. . . . To exonerate his own estate encumbered by the mortgage at the expense of his wife's estate would not be equitable. There was, when the payment was made, no common burden upon the land which was owned exclusively by him as the surviving joint tenant. This part of the burden was entirely his. His sole property . . . was liable for the mortgage debt, but he could not enforce by way of contribution on his wife's estate the payment of one half of the . . . debt, which was secured . . . by his own property" (pages 167–168). The rationale of this case is that, despite the fact that both spouses were originally equally liable for the mortgage debt, it is inequitable to require the estate of the deceased spouse to contribute to the discharge of an encumbrance on property, the entire ownership of which is in the surviving spouse. The only difference between the *Ratte* case and the case at hand is that there a joint tenancy was involved, whereas here we are dealing with a tenancy by the entirety. There are, of course, differences between the two types of tenancies (see *Hoag* v. *Hoag*, 213 Mass. 50; *Bernatavicius* v. *Bernatavicius*, 259 Mass. 486), but the differences are of no materiality with respect to the problem before us. Here, as in the *Ratte* case, the husband and wife signed the note as principals and there is nothing to show that the obligation was other than what it appeared to be: the debt of each. We agree with the conclusion of the trial judge that there was

no basis for a finding that the wife signed as an accommodating party.[1]   And here, as in the *Ratte* case, the surviving spouse acquired sole ownership in the property by survivorship.   Hence the reasoning of that case applies with equal force to the case at bar.   We hold, therefore, that the *Ratte* case is controlling and that the plaintiff was not entitled to exoneration or contribution, either in whole or in part.

In holding that the plaintiff is not entitled to contribution we do not do so on the ground that the plaintiff has paid only a small portion of the debt.   See *Quintin* v. *Magnant,* 285 Mass. 450.   We assume that if the case, apart from this fact, were one where contribution would be allowed, the failure to pay the debt would not be fatal and that a conditional decree of the sort outlined in *Nissenberg* v. *Felleman,* 339 Mass. 717, could be entered.   Our conclusion that the plaintiff is not entitled to contribution is for the more fundamental reason enunciated in the *Ratte* case.

Our attention has been directed to authorities elsewhere which are not in accord with the *Ratte* case.[2]   But the authority of that case has not been doubted or impaired and we are not persuaded that we should depart from it.   Whether we would apply the principle of the *Ratte* case to a situation where the value of the property is less than the amount necessary to discharge the encumbrance on it is a question that we need not decide.   The case at bar does not present that problem.   See Note, 32 B. U. L. Rev. 253, 255.

In view of our conclusion, we do not reach the questions whether the plaintiff's claim is barred by G. L. c. 197, § 9, or, if it was, whether she is entitled to prosecute it by reason of c. 197, § 10.

*Decree affirmed with costs of this appeal.*

---

[1] Inasmuch as the plaintiff was not a surety for her husband cases such as *Savage* v. *Winchester,* 15 Gray, 453, and *Ricker* v. *Ricker,* 248 Mass. 549, on which she relies, are not controlling.

[2] See *In re Keil's Estate,* 51 Del. 351; *Cunningham* v. *Cunningham,* 158 Md. 372; *Nobile* v. *Bartletta,* 109 N. J. Eq. 119; *In re Dowler Estate,* 368 Pa. 519; *In re Kershaw Estate,* 352 Pa. 205.   The foregoing cases are authority for contribution to the extent of one half of the debt.   For cases which are in accord with the *Ratte* case, see *Durlacher* v. *First Natl. Bank,* 100 So. 2d 73 (Fla.); *Lopez* v. *Lopez,* 90 So. 2d 456 (Fla.); *In re Dell's Estate,* 276 N. Y. S. 960. See also *In re Staiger's Estate,* 104 N. J. Eq. 149.