Argued and submitted April 20, affirmed in part, reversed in part
and remanded June 15, reconsideration denied July 29,
petition for review allowed October 4, 1983 (295 Or 730)
See 296 Or 259, 676 P2d 290 (1984)

In the Matter of the Estate of
Ruth Esther Arnold, Deceased.

BONNER et al,
*Respondents,*

*v.*

ARNOLD,
*Appellant.*

(78-120-P; CA A26113)

664 P2d 1148

Harrison R. Winston, Roseburg, argued the cause and filed the brief for appellant.

Wally P. Martin, Grants Pass, argued the cause and filed the brief for respondent.

Before Gillette, Presiding Judge, and Warden and Young, Judges.

YOUNG, J.

## YOUNG, J.

Appellant, personal representative of the estate of Ruth Esther Arnold, and son of the deceased, seeks reversal of an order of the trial court that disallowed charging the estate with one-half of a debt due to the sellers of certain real property and one-half of the real property taxes accruing and accrued.

The parties submitted the following narrative statement in lieu of a transcript for purposes of appeal:

"John Douglas Arnold, and his mother, Ruth Esther Arnold, deceased, prior to her death, purchased real property in Josephine County, Oregon. The ownership of the real property was with a right of survivorship between them. Just prior to the death of Ruth Esther Arnold on the 15th day of August, 1978, the mother and the son were obligated and indebted to the sellers of the real property in the sum of approximately $40,000, payable in monthly installments of $250 per month. After the death of his mother, Ruth Esther Arnold, John Douglas Arnold, appellant here, was appointed as Personal Representative of the mother's estate by order of the Josephine County Probate Court. As such, the Appellant, took the position that the estate of his mother was liable to contribute one-half of the balance due on the purchase price of the real property and has charged the estate with such liability in his final accounting filed with the Probate Court with payment of one-half of all monies due and payable on the purchase price of the real property and with one-half of the taxes accruing on the property. This includes taxes accrued both before and after decedent's death. The other four heirs, a half sister and half brothers of John Douglas Arnold, filed objections to the charges against the estate made in the final accounting and the lower court ruled that the objections of the other heirs was [sic] proper. The Appellant contends the court erred in this ruling. The issue to be decided on appeal therefore is as follows:

"Is an intestate estate liable for any contribution to the obligations of the deceased and the surviving owner when the debt is secured by real property which passes to the surviving obligor by right of survivorship:

"(1)   For one-half payment of the balance due on the purchase price?

"(2)   For one-half taxes accrued before death?

"(3)   For one-half taxes accrued after death?"

The issue is one of first impression in Oregon. The cases cited from other jurisdictions show that there has developed a majority and a minority rule. The majority rule provides that the estate may be required pay contribution for the deceased's proportionate share of the remaining debt. *See, e.g., White v. Parnell,* 397 F2d 709 (DC Cir 1968); *Newton v. Dailey,* 280 SE2d 91 (W Va 1981); *In re Estate of Rosenthal,* 34 Wis 2d 402, 149 NW2d 585 (1967); *McLochlin v. Miller,* 139 Ind App 443, 217 NE2d 50 (1966); *see also* Annot., 76 ALR2d 1004 (1961). The minority rule is to the contrary. *In re Ryan's Estate,* 44 Misc 2d 477, 254 NYS 2d 191 (1964); *Florio v. Greenspan,* 340 Mass 642, 165 NE2d 753 (1960); *Lopez v. Lopez,* 90 So2d 456 (Fla 1956); *In re Staiger's Estate,* 104 NJ Eq 149, 144 A 619 (1929).

■  The trial court ruled that contribution should not be allowed, reasoning that because of ORS 115.255(2) Oregon is "more in line with the minority view." ORS 115.255(2) provides:

> "If property upon which an encumbrance exists on the date of the death of the testator is specifically devised, the devisee takes it subject to the encumbrance, and the personal representative is not required to make any payment on account of the obligation secured by the encumbrance, whether or not the testator was personally liable on the obligation secured by the encumbrance, except as provided otherwise in the will or in subsection (3) or (4) of this section."

We do not believe that the statute is pertinent to the resolution of the issue. Before ORS 115.255 was enacted, Oregon followed the common law rule that a devisee of specifically devised property was entitled to exoneration out of the residue of the estate, if sufficient. *See In re Estate of Nawrocki,* 200 Or 660, 666, 268 P2d 363 (1954). The statute appears to be in response to that common law doctrine of exoneration. We do not find in it a general policy applicable to the situation where the property has not passed by will, nor through the estate of the deceased, and the question is one of contribution between co-obligors.

The cases applying the minority rule emphasize that the decedent's estate has no interest in the property because the decedent's interest in the property passes to the surviving

tenant at the time of death.[1] They conclude that it is not equitable to require that the estate pay contribution when the surviving tenant receives the property by which the debt was secured. The majority rule is based primarily on the severability of the personal obligation on the debt and the lien on the property that secures the debt, most often a note and mortgage.[2] The courts have relied on the fact that the personal obligation survives the death of the co-obligor, as is true in this state. See ORS 115.305.

We believe that the majority rule is the better reasoned. As the court pointed out in *McLochlin v. Miller, supra,* joint obligations may be enforced by the creditor against either or both of the debtors, and between obligors each is ordinarily liable for one-half. *See also, McCallister v. Jones et al,* 208 Or 365, 300 P2d 973 (1956); *Rose City Transit v. City of Portland,* 18 Or App 369, 525 P2d 1325, *modified on other grounds,* 271 Or 588, 533 P2d 339 (1974). The right to contribution arises at the time the agreement is entered. *McCallister v. Jones et al, supra.* We see no reason why that right should not survive the death of one of the co-obligors, just as the obligation to the creditor survives under ORS 115.305. We conclude that the estate of the decedent is liable for one half of the balance due under the purchase agreement for which the decedent was personally liable.

The personal representative also contends that the decedent's estate is liable for one-half of the property taxes accrued before decedent's death and one-half of those accruing after her death. This record does not disclose any basis for the decedent's personal responsibility to pay property taxes. The trial court did not err in holding that decedent's estate is not liable for those taxes.

---

[1] Most of the cases addressing this issue involve property held by spouses, usually as tenants by the entirety. The distinct nature of this tenancy is considered both in cases applying the minority rule, *see, e.g., Lopez v. Lopez,* 90 So2d 456 (Fla 1956), and those applying the majority rule. *See, e.g., White v. Parnell,* 397 F2d 709 (DC Cir 1968). We see no reason to apply a different rule because this property was purchased by mother and son as joint tenants with right of survivorship.

[2] Although the narrative statement does not describe the type of instrument by which the property was purchased, the trial court's letter opinion and the accountings filed by the personal representative indicate that the payments were made pursuant to trust deeds. The court's order states specifically that decedent and her son were jointly and severally liable for payment of the purchase price.

The personal representative's claim is for one half of the balance due on the purchase price of the jointly-owned property. Respondents contend that more than one-half of that balance was claimed on the final accounting filed by the personal representative. The trial court did not reach the issue of the amount that could be properly claimed. Therefore, we remand for a determination whether the final accounting properly claims only one-half of the balance due on the debt.

Affirmed as to real property taxes; reversed as to contribution on the purchase price of the property; and remanded for a determination of the amount of the contribution.