Argued and submitted March 10, 2004, reversed and remanded June 29, respondents Baune and Roberts' petition for reconsideration filed July 12, appellants' response to respondents Baune and Roberts' petition for reconsideration filed July 19, respondent Michael J. Pfau's petition for reconsideration filed July 21, and appellants' response to respondent Michael J. Pfau's petition for reconsideration filed July 27 allowed by opinion September 8, 2005
See 201 Or App 514, 119 P3d 281 (2005)

### Stanley I. GUILD
### and Elvira M. Guild,
*Appellants,*

*v.*

### Richard BAUNE
### and Mary Baune,
### husband and wife;
### Paul Roberts and Ann-Marie Roberts,
### husband and wife,
### and Michael J. Pfau,
*Respondents,*

*and*

### James SICARD
### and Dina Sicard,
### husband and wife,
*Defendants.*

### C001917CV; A117805

115 P3d 249

A. Richard Vial argued the cause for appellants. On the briefs were Christopher M. Tingey and Vial Fotheringham LLP.

Gregory W. Byrne argued the cause and filed the brief for respondents Richard and Mary Baune and Paul and Ann-Marie Roberts.

James H. Marvin argued the cause and filed the brief for respondent Michael J. Pfau.

Before Haselton, Presiding Judge, and Linder and Ortega, Judges.

ORTEGA, J.

## ORTEGA, J.

Plaintiffs appeal supplemental judgments awarding attorney fees, costs, and prevailing party fees to the three sets of defendants (the Baunes, the Robertses, and Pfau) in this declaratory judgment proceeding, which was brought to determine the rights and liabilities for maintenance of an easement. The legal basis for the fee awards was ORS 105.180. However, because this action does not arise under ORS 105.180, that statute cannot serve as a basis for an attorney fee award to any of the parties. We therefore reverse and remand.

The parties to this action hold interests in an easement that benefits seven parcels of real estate. Plaintiffs own four of the parcels, three of which are rented as mobile home sites. Each of the three sets of defendants owns one of the other benefitted parcels. There is no agreement establishing the parties' obligations with regard to use, maintenance, or repair of the easement.

In their complaint, plaintiffs sought a declaration of the parties' obligations with respect to the maintenance and repair of the easement. In their first amended complaint, plaintiffs alleged:

"The easement is currently in need of repair and the parties have been unable to agree on how the easement shall be maintained and repaired and how said maintenance and repair costs shall be allocated. As a result, plaintiffs' rights to undertake necessary [maintenance and repair] and distribute and/or share costs fairly with the defendants have been affected. Plaintiffs have attempted to enter into an easement maintenance agreement with defendants. All of plaintiffs' attempts have been rebuffed by defendants."

In their prayer, plaintiffs asked the court to make the following declarations:

"1. Declaring that all named parties are, or were at the time of filing this action, holders of an interest in the easement * * *;

"* * * * *[1]

---

[1] Plaintiffs originally sued two other defendants, the Sicards, and sought a declaration as to them. The Sicards had sold their property to defendant Pfau before

"3. Declaring that the costs of maintaining the easement in repair shall be shared by each holder of an interest in the easement in proportion to the use made of the easement by each holder of an interest in the easement;

"4. Declaring what each parties' proportional use of the easement is;

"5. Awarding plaintiffs all court costs, arbitration and attorney fees;

"5.[*sic*] Awarding plaintiffs all prevailing party fees allowed by law;

"6.[*sic*] Granting such other relief that the court[ ] deems fair, just and equitable[.]"

Plaintiffs also pleaded an entitlement to attorney fees under ORS 105.180. In their prayer, plaintiffs did not allege that they had paid for any maintenance or repair and did not seek payment for any past expenses.

In their answer to plaintiffs' complaint, the Baunes admitted that the parties had been unable to agree on their obligations with respect to the maintenance and repair of the easement but stated that they were willing to "share such costs proportionate to their use of the easement." The Baunes also asserted a counterclaim for contribution for past maintenance expenses, but they abandoned that claim at trial. The Robertses admitted in their answer that they declined to share the costs of maintaining the easement and contended that they made no use of the easement and were not responsible for the cost of maintenance and repair. Pfau admitted in his answer that the parties had been unable to agree on the level of maintenance and repair of the easement and the proportionate share of the costs but asserted that he had "attempted to fully cooperate with" plaintiffs and was "willing to pay his proportionate share of the required maintenance of the easement[.]"

After trial, the court entered a judgment declaring the parties' proportionate responsibility under ORS 105.175[2]

plaintiffs filed their complaint. Plaintiffs filed an amended complaint naming Pfau as a defendant. Thereafter, the trial court, on request of the parties, entered a judgment dismissing the Sicards.

[2] ORS 105.175 provides, in part:

for the maintenance and repair of the easement as well as the level of maintenance and repair for which the parties are liable.[3]

Thereafter, all defendants filed petitions under ORS 105.180(2) for attorney fees, costs, and prevailing party fees. The trial court entered supplemental judgments in favor of all defendants making such awards, and this appeal followed.[4]

---

"(1) The holders of an interest in any easement shall maintain the easement in repair.

"* * * * *

"(3) The cost of maintaining the easement in repair in the absence of an agreement and in the absence of maintenance provisions in a recorded instrument creating the easement shall be shared by each holder of an interest in the easement in proportion to the use made of the easement by each holder of an interest in the easement.

"(4) Unless inconsistent with an agreement between the holders of an interest in an easement or a recorded instrument creating the easement, in determining proportionate use and settling conflicts the following guidelines apply:

"(a) The frequency of use and the size and weight of vehicles used by the respective parties are relevant factors.

"(b) Unless inappropriate, based on the factors contained in paragraph (a) of this subsection or other relevant factors, costs for normal and usual maintenance of the easement and costs of repair of the easement damaged by natural disasters or other events for which all holders of an interest in the easement are blameless may be shared on the basis of percentages resulting from dividing the distance of total normal usage of all holders of an interest in the easement into the normal usage distance of each holder of an interest in the easement.

"(c) Those holders of an interest in the easement that are responsible for damage to the easement because of negligence or abnormal use shall repair the damage at their sole expense."

[3] Specifically, the judgment provides:

"1. The easternmost 440 feet of the easement should be repaired and maintained as a 12 foot graveled road bed, with 3 feet of clearance on either side of the roadbed. Removal of all trees, brush and/or other obstacles within said 18 foot wide area shall be the joint responsibility of all parties in the proportions set forth in ¶3 below.

"3.[*sic*] The holders of an interest in the easement shall share the joint expenses of maintenance and repair of the easternmost 440 feet of the easement in the following proportions: Plaintiffs Guild (Tax Lots 501, 505, 506, and 601) - 14% for each Tax Lot for a total of 56%; Defendants Roberts (Tax Lot 504) - 2%; Defendants Baune (Tax Lot 502) - 28% and Defendant Pfau (Tax Lot 503) - 14%."

[4] This appeal was held in abeyance for several months after this court granted leave under ORS 19.270(4) to enter an appealable judgment, because the original judgment failed to dispose of all claims and parties.

■ On appeal, plaintiffs challenge the awards of attorney fees, costs, and prevailing party fees to defendants on the ground that they are not "prevailing parties" under ORS 105.180. Plaintiffs assert that a cause of action is available under ORS 105.180 for "a declaratory judgment settling the responsibilities and contribution amounts of the parties" and contend that they are the prevailing parties under the statute because the trial court granted the declaratory relief they requested. We agree that attorney fees should not have been awarded to defendants but for a different reason: Because ORS 105.180 does not apply to this case, it does not provide a basis for an award of fees to any party.

■ Ordinarily, a litigant is entitled to an award of attorney fees only if a statute or contract authorizes such an award. *Swett v. Bradbury*, 335 Or 378, 381, 67 P3d 391 (2003). In this case, the parties all assert a right to attorney fees under ORS 105.180. Our analysis begins with an examination of the text and context of that statute. *PGE v. Bureau of Labor and Industries*, 317 Or 606, 611-12, 859 P2d 1143 (1993).

ORS 105.180 provides, in part:

"(1) If any holder of an interest in an easement fails to maintain the easement contrary to an agreement or contrary to the maintenance provisions of a recorded instrument creating the easement or, in the absence of an agreement or recorded instrument imposing maintenance obligations, *fails after demand in writing to pay the holder's proportion of the cost* as indicated in ORS 105.175 (3) and (4), *a civil action for money damages or specific performance or contribution* may be brought against that person in a court of competent jurisdiction by one or more of the other holders of an interest in the easement, either jointly or severally. *In any such civil action,* the court may order such equitable relief as may be just in the circumstances. * * *

"(2) The prevailing party shall recover all court costs, arbitration fees and attorney fees."

(Emphasis added.) The plain language of ORS 105.180(1) authorizes a civil action solely for "money damages or specific performance or contribution." Where, as here, there is no agreement or recorded instrument defining the liabilities of

the parties, the statute requires that, before bringing such an action, the plaintiff must make a demand in writing to the defendant to pay the proportionate share of the costs defined by ORS 105.175(3) and (4), and the defendant must have failed to pay the proportionate share of the costs.

Here, plaintiffs did not make a written demand seeking payment. Rather, they claimed that they had "attempted to enter into an easement maintenance agreement with defendants" but had been "rebuffed." By contrast, the written demand requirement set forth in ORS 105.180(1) contemplates the enforcement of an existing liability—that is, the recovery of a proportionate share of costs that the plaintiff has actually incurred. Otherwise there is nothing to "demand." Moreover, plaintiffs did not bring one of the types of civil action—*i.e.*, one seeking money damages, specific performance, or contribution—enumerated in ORS 105.180. Rather, they sought declaratory relief for the purpose of defining the rights and responsibilities of the parties, and the judgment in fact declared those rights and responsibilities.

 Contrary to the parties' apparent assumption,[5] this is not an action for contribution. Although the text of ORS 105.180(1) does not define an action for contribution, the dictionary definition is "a payment of an individual's share in a loss for which several are jointly liable; *also* : the amount so paid by one of them." *Webster's Third New Int'l Dictionary* 496 (unabridged ed 2002); *see generally PGE*, 317 Or at 611 (directing that words of common usage will be given their "plain, natural, and ordinary meaning"); *see also* ORS 31.810 (governing contribution actions among joint tortfeasors). An action for contribution is normally "an equitable remedy used to prevent unjust enrichment." *Bonner v. Arnold*, 296 Or 259, 262, 676 P2d 209 (1984). Elsewhere, contribution has been defined as "the right of a person who has *discharged a common liability* or burden to recover of another, who is also liable, the portion he or she ought to pay or bear." *Contribution,* 18 Am Jur 2d § 1 (2004) (emphasis added; footnote omitted); *see generally McIntire v. Forbes*, 322 Or 426, 431, 909 P2d 846

---

[5] In addressing the applicability of ORS 105.180, this court is responsible for identifying the correct interpretation, whether or not it has been asserted by the parties. *See Stull v. Hoke*, 326 Or 72, 77, 948 P2d 722 (1997).

(1996) (analysis of the statutory text includes reference to well-established legal meanings for terms that the legislature has used).[6] Generally, an action for contribution is premature until the person seeking contribution has discharged the common liability. *See* ORS 31.810; *Southern Pacific Trans. Co. v. City of Portland*, 75 Or App 149, 152, 706 P2d 1000, *rev den*, 300 Or 332 (1985).

Plaintiffs had not discharged a common liability. Instead, they brought a declaratory judgment action seeking to establish liability for easement maintenance and repairs that had not yet been incurred. Accordingly, they did not bring a civil action for contribution as described in ORS 105.180 and, indeed, could not have done so.

Consistently with the nature of the relief sought in plaintiffs' complaint, the judgment grants declaratory relief addressing the substantive rights and responsibilities of the parties under ORS 105.175. Although the court and the parties apparently assumed this to be an action for contribution under ORS 105.180, it was actually a declaratory judgment action under ORS 28.010.[7] Accordingly, ORS 105.180 did not provide a basis for an award of attorney fees. As no other basis for an attorney fee award has been asserted, the trial court's award of attorney fees to defendants was in error.

The trial court's award of costs and prevailing party fees—and the arguments of all the parties as to those

---

[6] *See also Contribution*, 18 Am Jur 2d § 11 (2004):

"The right to contribution is inchoate or subordinate from the time of the creation of the relationship giving rise to the common burden until the time of payment by a coobligor of more than his or her proportional share. As a rule, *the right to contribution becomes complete and enforceable only upon a payment or its equivalent by the claimant discharging, satisfying, or extinguishing the whole or more than his or her just and equitable share of the common obligation*, whether the common obligation is imposed by contract or grows out of tort. Until then a claim for contribution is contingent."

(Emphasis added; footnotes omitted.)

[7] That statute provides:

"Courts of record within their respective jurisdictions shall have power to declare rights, status, and other legal relations, whether or not further relief is or could be claimed. No action or proceeding shall be open to objection on the ground that a declaratory judgment is prayed for. The declaration may be either affirmative or negative in form and effect, and such declarations shall have the force and effect of a judgment."

awards—appear to be premised on the assumption that this action arises under ORS 105.180. It may well be that the trial court would have reached the same determination as to costs and prevailing party fees viewing this as a declaratory judgment action, but the record does not allow us to make that determination. Accordingly, we remand for the trial court to reconsider its awards of costs and prevailing party fees in light of our disposition of this case.

Reversed and remanded.