Stanley I. GUILD
and Elvira M. Guild,
*Appellants,*

*v.*

Richard BAUNE
and Mary Baune,
husband and wife;
Paul Roberts and Ann-Marie Roberts,
husband and wife;
and Michael J. Pfau,
*Respondents,*

*and*

James SICARD
and Dina Sicard,
husband and wife,
*Defendants.*

C001917CV; A117805

119 P3d 281

Gregory W. Byrne for petition of respondents Baune and Roberts.

James H. Marvin for petition of respondent Michael J. Pfau.

Christopher M. Tingey and Vial Fotheringham LLP for responses.

Before Haselton, Presiding Judge, and Linder and Ortega, Judges.

ORTEGA, J.

**ORTEGA, J.**

Respondents filed petitions for reconsideration of our previous opinion, and plaintiffs have asked this court to grant respondents' petitions. *Guild v. Baune*, 200 Or App 397, 115 P3d 249 (2005). We adhere to both our original opinion and disposition, allowing reconsideration only to clarify two issues.

The parties to this action hold interests in an easement that benefits seven parcels of real estate. There is no agreement establishing the parties' obligations with respect to the maintenance and repair of the easement. Plaintiffs brought this action seeking a declaration of the parties' proportionate responsibility for the maintenance and repair of the easement, as well as the level of maintenance and repair for which the parties are liable. The trial court entered a declaratory judgment defining the substantive rights and liabilities of the parties.

All defendants then filed petitions under ORS 105.180(2) for attorney fees, costs, and prevailing party fees. The trial court entered supplemental judgments for attorney fees, costs, and prevailing party fees in favor of all defendants, and plaintiffs appealed. We held that the declaratory judgment establishing the parties' proportionate responsibility under the easement does not arise under ORS 105.180 and that that statute cannot serve as a basis for an attorney fee award to any of the parties. *Guild*, 200 Or App at 404.

In their petitions for reconsideration, respondents assert that we made a factual error when we concluded that plaintiffs did not make a written demand seeking payment. However, the letter that they now point to does not alter our conclusion regarding the nature of the action. In their pleadings, plaintiffs sought a declaration and did not bring an action for contribution, alleging instead that they had sought "to enter into an easement maintenance agreement with defendants" that would determine the responsibilities of the parties, and that "[a]ll of plaintiffs' attempts [had] been rebuffed by defendants." Thus, even if the parties' correspondence contains a demand for payment as contemplated under ORS 105.180, plaintiffs did not allege such a demand in their

pleadings. Based on plaintiffs' pleadings,[1] we adhere to our original opinion, holding that this action was brought in order to obtain a declaration defining the rights and liabilities of the parties under ORS 105.175 in the absence of an agreement. Whether a demand was made was not dispositive to our analysis.[2]

Next we address the parties' assertion that our construction of ORS 105.180 was legal error. They contend that our analysis requires a prepayment obligation in order to bring an action for contribution under the statute. Although we cited and relied on the general rule that parties must discharge a common liability before bringing an action for contribution, we recognize that it is a *general* rule to which exceptions may apply. However, the present action does not fall within any such exception. Rather than bring an action for contribution pertaining to a particular existing liability, plaintiffs sought to resolve the *prospective* liabilities of the parties with regard to their ongoing responsibilities for maintaining and repairing the easement. In consideration of the general principles underlying an action for contribution, we adhere to our original holding that this action—in which plaintiffs sought a general declaration of the parties' proportionate responsibility for prospective maintenance and repair

---

[1] In their prayer for relief, plaintiffs asked the court to enter a declaratory judgment

"1. Declaring that all named parties are, or were at the time of filing this action, holders of an interest in the easement * * *;

"2. Declaring that Defendants Sicard shall be responsible for any damage done to the easement due to their damage and/or abnormal use of the easement;

"3. Declaring that the costs of maintaining the easement in repair shall be shared by each holder of an interest in the easement in proportion to the use made of the easement by each holder of an interest in the easement;

"4. Declaring what each parties' proportional use of the easement is;

"5. Awarding plaintiffs all court costs, arbitration and attorney fees;

"[6.] Awarding plaintiffs all prevailing party fees allowed by law;

"[7.] Granting such other relief that the court[ ] deems fair, just and equitable[.]"

[2] We emphasize that, in our original opinion, our analysis and disposition did not depend on the issue of whether a written demand for payment had been made to defendants. We address the demand on reconsideration only as part of our attempt to define the nature of the action brought by plaintiffs.

of the easement, as well as a declaration of the level of prospective maintenance and repair for which the parties are liable—is not an action for contribution within the meaning of ORS 105.180. Thus, on reconsideration and further review of the record, we adhere to our original disposition of the appeal.

Reconsideration allowed; former opinion clarified and adhered to as clarified.