## MARY H. DU BOIS

### v.

### ANDREW J. STONER, impl'd, etc.

NOTE—SURETY.—Where the principal maker of a note, acting as the agent of another party, with money received from his principal, purchases such note from the holder, and the note is indorsed in blank and delivered to the principal, it is not a payment of the note, and the surety is not discharged.

ERROR to the Circuit Court of Macon county; the Hon. C. B. SMITH, Judge, presiding.    Opinion filed September 26, 1882.

Du Bois v. Stoner.

Messrs. CREA & EWING and Mr. WM. T. CUSSINS, for plaint-- iff in error ; that the transaction was a purchase and not payment of the notes, and plaintiff's sixth instruction correctly stated the law on this point, cited Moreland v. State Bank, Breese, 263 ; Villars v. Palmer, 67 Ill. 204 ; Pearl v. Wellman, 11 Ill. 352.

Messrs. THORNTON, ELDRIDGE & HOSTETTER, and Mr. I. A. BUCKINGHAM, for defendant in error ; that the transaction was a payment of the notes and released the surety, cited Day v. Humphrey, 79 Ill. 453 ; Brandt on Suretyship, § 292.

It must appear that the verdict is palpably against the weight of evidence before a new trial will be granted : Hewitt v. Jones, 72 Ill. 218; Allen v. Smith, 3 Scam. 97; Dawson v. Robbins, 5 Gilm. 72; Evans v. Fisher, 5 Gilm. 572; Welden v. Francis, 12 Ill. 460; Mann v. Russell, 11 Ill. 586; C. R. I. & P. R. R. Co. v. Hutchings, 34 Ill. 108; C. R. I. & P. R. R. Co. v. Crandall, 41 Ill. 234; Vinegar Hill v. Busson, 42 Ill. 45; T. P. & W. R. R. Co. v. McClannon, 41 Ill. 238; Hope Ins. Co. v. Lonergan, 48 Ill. 49; Davis v. Hœppner, 44 Ill. 306; Palmer v. Weir, 52 Ill. 341; Chillicothe Ferry Co. v. Jameson, 48 Ill. 281; Sheerman v. C. & M. R. R. Co. 48 Ill. 523; Lawrence v. Hagerman, 56 Ill. 68; Peru v. French, 55 Ill. 317; Kuhner v. Blitz, 56 Ill. 171; Reynolds v. Lambert, 69 Ill. 495; Summers v. Stark, 76 Ill. 208; Edgmon v. Ashelby, 76 Ill. 161; Chapman v. Burt, 77 Ill. 337; Corwith v. Coulter, 82 Ill. 585; Plummer v. Rigdon, 78 Ill. 302; Nevins v. Gourley, 97 Ill. 365.

McCULLOCH, J. This was a suit brought by plaintiff in error against defendants in error, upon a promissory note signed by them, and made payable to one Alexander, by whom it was indorsed in blank and without recourse. It appears that Jacob S. Hand was the principal in the note and Andrew J. Stoner, who alone defended the suit in the circuit court, was security. It appears also that the note sued on was the last of a series of three given for the purchase money of certain real estate, all of which were secured by mortgage upon the premises. The defense set up by Stoner is, that about the

time the second note became due, said Jacob S. Hand, who is brother of the plaintiff, made an arrangement to borrow from her a sufficient amount of money to pay off the last two notes of the series, the first one having been previously paid, and that the payee should indorse the notes to her to be held by her as collateral security for the repayment of the same to her by the said Hand; that this arrangement was carried out by plaintiff's either loaning Hand the money with which he paid off the notes, or by advancing the same at his request and taking up the notes for his benefit, with the understanding and agreement that she was only to hold the notes as collateral security for its repayment. It is not denied but that in either case the note would still be good as against Hand, nor that it would carry the mortgage security with it, but Stoner claims that such a transaction would release him as surety. On the other hand plaintiff in error insists that she purchased the notes in good faith as an investment, and had the notes indorsed over to her absolutely. On this point hangs the whole controversy in the case.

Plaintiff in error made out a *prima facie* case by the introduction of the note with its indorsement. The burden of proving payment then rested upon defendant Stoner. We have examined the evidence carefully and are forced to the conclusion that he not only failed to make out his defense by a preponderance of the evidence but that the evidence strongly preponderates in favor of plaintiff. There is some conflict in the testimony as to whether the money was paid by Hand to Alexander, or by Jacob J. B. DuBois, a son of plaintiff, who was at that time employed in Hand's drug store. Alexander testifies that the money was paid by Hand, who, he says, took it from a pocket book which he carried in his side pocket, while both Hand and J. J. B. DuBois testify the latter paid it from money drawn from the bank, which he had on deposit as the agent of his mother who was a non-resident. But Alexander, who is the only witness in support of defendant's theory, testifies on cross-examination that the transaction was a sale to Mrs. DuBois, the plaintiff, and that he understood he was assigning the notes to her; that Hand told him he was

getting the money from her, that she was buying the notes. If it were true that plaintiff had put her money into the hands of her brother for the purpose of purchasing the notes for her, and he did so, this would not amount to a payment. He could not use it for that purpose without committing a breach of trust equivalent to a felony under our statute. There was an attempt made with some show of success to discredit some of the statements of Hand made by him upon the witness stand, but in the material parts of his testimony he is abundantly corroborated by both Alexander and young DuBois.

The court on behalf of defendant gave the jury the following instructions:

1st. "The court instructs the jury for the defendant Stoner, that if you believe from the evidence that J. S. Hand, about the 11th of May, 1871, paid Alexander the amount of the note in controversy, and that Alexander delivered the notes to Hand, then, and in that case, that would be a payment of said note, and you will find for the defendant Stoner in that event of the proof.

2nd. "You are further instructed for the defendant Stoner, that if you believe from the evidence that Jacob S. Hand was the maker of the note in controversy, then money paid by him to the holder of said note would be a payment of the same; and in that case you will find for the defendant Stoner.

3d. "You are instructed that if you believe from the evidence that Jacob S. Hand paid to James H. Alexander the amount due on the two notes mentioned in the special pleas of the defendant Stoner, and took up the notes with a blank indorsement, then such transaction would amount to a payment of the same and discharge the defendant Stoner from all liability on said notes and each of them; and you should find the issues for the defendant Stoner in that event of the proof."

It is contended that these instructions were properly given because there was no proof whatever that Hand was acting as the agent of his sister in the transaction, and if he paid the money at all to Alexander, he made the payment out of his own money and for his own benefit and so discharged the note. It is true in one place he testified that what he did

Du Bois v. Stoner.

there was on his own behalf, and not as the agent of plaintiff; but he further says he had no hand in the transaction except to convey to the parties thereto the information which finally brought it about. He further says he did not borrow the money from his sister nor did he make the payment. Now if the jury believed Alexander in preference to Hand, they must have believed that he did pay the money, saying at the same time that he had gotten it from plaintiff, with which to purchase the notes for her. Considering the intimate relationship of the parties to each other as brother and sister, mother and son, the jury might well have believed the money had come into Hand's possession through plaintiff's son to be used in the purchase of the notes. In that case the foregoing instructions would require the jury to consider the note sued on as paid, although it might have been well understood between Hand and Alexander at the time of the transaction, that it was a purchase of the notes for and on behalf of plaintiff. The seventh instruction asked on behalf of plaintiff and refused by the court entirely covers this aspect of the case and should have been given. It reads as follows:

"The court instructs the jury on behalf of the plaintiff that even if the jury believe from the evidence in this case, that the plaintiff, through her agent, Jacob J. B. DuBois, placed money in the hands of defendant Jacob S. Hand, to purchase of James H. Alexander, for her, the notes in controversy in this suit and one other note; and if the jury believe from the evidence that the said Jacob S. Hand, acting under instructions, did, with such money, purchase for the plaintiff the note in the controversy in this suit, and cause said note to be assigned in blank and delivered by the said Alexander to the agent of the plaintiff, yet, such purchase as aforesaid would not constitute a payment by said Jacob S. Hand of said note, as contemplated in the said Andrew J. Stoner's said second plea, and the jury should find the issues in that case for the plaintiff and against the said Stoner; provided, the jury believe from the evidence in this case that the plaintiff is entitled to recover on all the other issues presented by his other pleas by the said Stoner."

We are therefore of the opinion that the court erred in re-
fusing the plaintiff a new trial, for which error the judgment
of the circuit court is reversed and the cause remanded.

Reversed and remanded.