ANITA G. ROSENFIELD *vs.* ANNIE FINE & others.

Suffolk.    April 5, 1937. — September 20, 1937.

Present: RUGG, C.J., FIELD, DONAHUE, LUMMUS, & QUA, JJ.

*Mortgage,* Real estate: deficiency after foreclosure. *Bills and Notes,* Discharge, Holder. *Trust,* Distinction between individual and trust capacities of trustee.

Delivery of a mortgage note by the payee without indorsement after foreclosure of the mortgage, and further mesne assignments, transferred a right to enforce the note for a deficiency remaining due after the foreclosure whether or not anyone in the chain of title paid value.

A negotiable promissory note was not discharged under G. L. (Ter. Ed.) c. 107, § 142 (5) when the payee assigned it to one who as an individual had been a maker but who received assignment as trustee for others under a trust not found to be a sham.

Even if a declaration of trust contained provisions invalid as in restraint upon alienation, the trustee, upon receiving an assignment of a negotiable promissory note, must be treated as a trustee and not as a holder "in his own right" under G. L. (Ter. Ed.) c. 107, § 142 (5).

BILL IN EQUITY, filed in the Superior Court on January 9, 1936.

The suit was heard by *Sisk*, J.   The defendant Annie Fine appealed from a final decree.

W. M. *Noble*, (M. *Tobey* & F. W. *Young* with him,) for the defendant Fine.

R. T. *Parke*, (M. *Rosenfield* with him,) for the plaintiff.

LUMMUS, J.   This is a bill in equity under G. L. (Ter. Ed.) c. 214, § 3 (7), to enforce against the defendant Annie Fine, for a deficiency after a foreclosure, a real estate mortgage note for $16,000, dated June 13, 1924, of which she was one of the makers.   The only question before us is the right of the plaintiff Rosenfield to enforce the note against the defendant Annie Fine in the name of the surviving payee, one Viles.

The note and mortgage ran to the order of Viles and another who died in 1929.   Thereafter Viles had legal title to the mortgage and note.   G. L. (Ter. Ed.) c. 184, § 7. *Park* v. *Parker*, 216 Mass. 405.   *Dewey* v. *Metropolitan Life Ins. Co.* 256 Mass. 281, 284.   The mortgaged real estate at the time the mortgage and note were given was held by three tenants in common, Lizzie Gamer, wife of George Gamer, one Drooker, and the defendant Annie Fine. On December 1, 1924, the defendant Annie Fine and Drooker conveyed their shares to Lizzie Gamer, subject to the mortgage for $16,000.   From that time until April, 1934, payments were made on the note by George Gamer. He and his wife were among the makers of the note.   He was and is financially irresponsible.   He made on April 3, 1934, and later recorded in the registry of deeds, a declaration of trust, covering such property as he might acquire as trustee, in favor of his three daughters Ida Gamer, Frances Gamer Springer, and the plaintiff Anita Gamer, now married to an attorney named Rosenfield.   On the same day, April 3, 1934, Viles entered into a written agreement with Gamer as such trustee to convey to him the mortgaged property for $7,000, and either to advance the purchase price to him on mortgage or to reduce the existing mortgage to $7,000, the purchaser paying the taxes and other municipal liens. A foreclosure was contemplated, at least as a possibility,

for the agreement provided that in case of foreclosure the mortgage note was to be assigned to the purchaser.*

Viles foreclosed the mortgage by sale on May 3, 1934, and caused the property to be bought for $7,000 in the name of his agent, who, after receiving a foreclosure deed, conveyed to George Gamer as such trustee. The validity of the foreclosure is not challenged. The money for the expenses of foreclosure, taxes, and other municipal liens, amounting to $1,018.25, was furnished by Gamer's three daughters. Gamer as trustee gave back to nominees of Viles a purchase money mortgage for $7,000. Viles delivered the mortgage note for $16,000 to George Gamer as such trustee without indorsement. On May 7, 1934, George Gamer as such trustee assigned all his interest in that note to his three daughters, and later the other two assigned their interests therein to the plaintiff.

On October 25, 1934, the defendant Annie Fine purchased the $7,000 mortgage, and took title in the name of an agent. On November 19, 1934, George Gamer as such trustee borrowed $1,000 from the defendant Annie Fine, and gave her a second mortgage on the same property. In January, 1936, the defendant Annie Fine caused foreclosure proceedings to be begun under the $7,000 mortgage. Thereupon the plaintiff, on January 9, 1936, brought this suit.

The sharp practice and harsh conduct of members of the Gamer family in obtaining title to the original note and enforcing it against the defendant Annie Fine, who had parted with her interest in the equity of redemption many years before, with the prospect that some of the Gamer family will get the property free of all encumbrances at her expense and a substantial sum of money besides, emphasize our duty to study the evidence with care before affirming the decree. But we are unable to find any legal wrong in the conduct of George Gamer as trustee or in that of his daughters. It is true that in 1924 the three cotenants of the

---

* The agreement of April 3, 1934, included these provisions: "Property being sold to George Gamer, trustee, title to be given to George Gamer or his nominee(s) in case of foreclosure . . . If necessary to foreclose property . . . Upon foreclosure, present mortgage note to be assigned to purchaser." — REPORTER.

property had a private auction at which Drooker bought the property for a price that included the Viles mortgage and thus impliedly agreed with his cotenants to assume it. *Flynn* v. *Kenrick*, 285 Mass. 446. Drooker turned over his bargain to Lizzie Gamer, and she received a deed from her cotenants, settling with them on the basis of Drooker's bargain. It may be that she thus assumed the payment of the Viles mortgage and note, even though the deed to her recited merely that she took title subject to the mortgage. But Lizzie Gamer had nothing to do with the acquisition of the Viles mortgage note in 1934. Upon the evidence we ought not to find, contrary to the finding of the trial judge who saw the witnesses (*Trade Mutual Liability Ins. Co.* v. *Peters*, 291 Mass. 79, 84; *Spiegel* v. *Beacon Participations, Inc.* 297 Mass. 398, 407–408), that George Gamer was the real owner all along and that the trust and the payment of the money by his daughters were shams. Viles had an undoubted right, after the foreclosure, to enforce the note for the deficiency against the defendant Annie Fine. That right he could transfer by assigning the note, and it would make no difference whether any assignee in the chain of title paid value or not.

The negotiable instruments act, G. L. (Ter. Ed.) c. 107, § 142 (5), provides that a negotiable instrument is discharged "when the principal debtor becomes the holder of the instrument at or after maturity in his own right." This section doubtless does not destroy rights of contribution among principal debtors. *Quintin* v. *Magnant*, 285 Mass. 450. We need not consider whether George Gamer was a "principal debtor" where he was apparently an accommodation maker for the owners of the equity in 1924. See *Union Trust Co.* v. *McGinty*, 212 Mass. 205. If he ever became the "holder" of the note (§ 18), he became the holder not "in his own right," but only as trustee for his children. Chalmers, Bills of Exchange (9th ed. 1927) 247, 248. Brannan, Negotiable Instruments Law (5th ed. 1932) 897 *et seq.* discussing § 119 (5) of that law. *People's State Bank of Wellsville* v. *Dryden*, 91 Kans. 216. *Bowman* v. *St. Louis Times*, 87 Mo. 191. *Du Bois* v. *Stoner*, 11 Ill.

App. 403. *Nash* v. *De Freville,* [1900] 2 Q. B. 72. See also Am. Law Inst. Restatement: Contracts, § 451; G. L. (Ter. Ed.) c. 107, § 142 (4).

Even if, as the defendant Annie Fine contends, the declaration of trust under which George Gamer took the note contained provisions which were invalid as an illegal restraint upon alienation, the declaration of trust established his status as trustee for his daughters. *Winsor* v. *Mills,* 157 Mass. 362, 366. He cannot be treated as an owner free from any trust.

*Decree affirmed with costs.*