TRUSTEES OF TUFTS COLLEGE *vs.* PARLANE SPORTSWEAR CO., INC. February 23, 1976. The plaintiff brought an action in the Superior Court to recover the principal sum of a promissory note, plus interest, costs and attorney's fees, from the defendant. Summary judgment was entered for the plaintiff pursuant to Mass.R.Civ.P. 56, 365 Mass. 824 (1974), from which action the defendant has appealed. The facts as summarized in the plaintiff's affidavits in support of summary judgment were that a loan, in the amount of $50,000, was negotiated to aid the defendant's relocation from premises previously rented from the plaintiff. At the time of the execution of the note, the defendant also signed and delivered a letter to the plaintiff wherein it agreed that in the event that any monies were received from the United States government for moving and relocation prior to the maturity date of the instrument, such funds would be applied forthwith to the payment of the principal and interest. The defendant argues that the trial court erred because an affidavit it submitted in opposition to the summary judgment motion alleging its president's oral understanding and anticipation that payment would be deferred until the Federal funds were available and that all understood that Federal funds were to be the

source of payment, raised a genuine issue of material fact which precluded the summary judgment. Mass.R.Civ.P. 56(e) provides that on motion for summary judgment, the party opposing the motion may not "rest upon the mere allegations or denials of his pleading," but instead "must set forth *specific* facts showing that there is a *genuine* issue for trial" (emphasis supplied). See also *Community Natl. Bank* v. *Dawes,* 369 Mass. 550, 553 (1976); *Shapiro Equip. Corp.* v. *Morris & Son Constr. Corp.* 369 Mass. 968 (1976). We hold that the note and the letter here must be taken as the integrated agreement between the parties (see *Robert Indus., Inc.* v. *Spence,* 362 Mass. 751, 754 [1973]; see also *Canney* v. *New England Tel. & Tel. Co.* 353 Mass. 158, 165 [1967]) which clearly provided for payment of the principal and interest at the earlier of either the stipulated due date or the receipt of the Federal funds. As such, oral testimony concerning prior or contemporaneous agreements which allegedly altered the defendant's responsibility from definite to conditional liability was not admissible to vary the terms of the writings under the parol evidence rule. See *Pelonsky* v. *Wattendorf,* 255 Mass. 558, 562 (1926); *Dodge* v. *Bowen,* 264 Mass. 208, 212-213 (1928); *Starks* v. *O'Hara,* 266 Mass. 310, 313-314 (1929); *Sherman* v. *Koufman,* 349 Mass. 606, 610 (1965). The judgment is affirmed with double costs of the appeal to the plaintiff. The plaintiff is to have interest on the original judgment of twelve per cent from November 6, 1974 (date of appeal). Within thirty days of the receipt of our rescript by the clerk of the Superior Court the plaintiff may apply to the Superior Court for allowance of additional attorney's fees in connection with this appeal in accordance with the provisions of the note.

*So ordered.*

*Patrick F. Brady* for the plaintiff.

*Judith E. Turtz & Evan T. Lawson,* for the defendant, submitted a brief.