IRENE C. AWED, trustee,[1] *vs.* ANTHONY J. MARSICO & others.[2] No. 88-P-235. May 19, 1989. *Practice, Civil,* Summary judgment. *Negotiable Instruments,* Reacquisition, Payment, Discharge. *Assignment. Joint and Several Obligation. Contribution.*

The plaintiff, Irene C. Awed, as trustee of the C.I.M. Trust, filed a complaint in the Superior Court against Ralph Bruno and Anthony J. Marsico. She alleged that Bruno, Marsico, and her husband, Carl A. Awed,[3] were co-makers of an unsecured demand note, dated November 28, 1980, payable to Century Bank and Trust Company (Century) in the amount of $200,000. She claimed that the bank assigned the note to her on January 7, 1983, that the principal amount "remain[ed] due," and that Bruno and Marsico refused to pay the note, on her demand. One of the defendants, Marsico, answered the plaintiff's complaint and denied liability.

The plaintiff moved for summary judgment on April 21, 1987, based on her pleadings and affidavit. Her affidavit stated, among other things, that, "[i]n January, 1983, my husband [defendant Carl Awed] refinanced one

---

[1] She is trustee of C.I.M. Trust.

[2] Ralph Bruno and Carl Awed.

[3] The plaintiff later filed an amended complaint naming Carl as a co-defendant.

of his nursing homes. He took $206,000 from said refinancing, and paid it to the Century Bank and Trust on or about January 7, 1983, at which time he instructed Century Bank and Trust Co. to assign said "$200,000 Note . . . to me as trustee of C.I.M. Trust." The affidavit also stated that the plaintiff had made a demand for payment on the three defendants but had received nothing. Marsico opposed the motion but did not file any counteraffidavit. He did submit two memoranda of law which noted that the plaintiff's answers to interrogatories contained facts inconsistent with her affidavit and argued that there were triable issues of fact regarding the plaintiff's claimed status as a holder in due course under G. L. c. 106, § 3-302. The plaintiff's motion was allowed.

Prior to the entry of judgment, Marsico moved for reconsideration and submitted his affidavit in which he claimed that the transfer of the note to the plaintiff was fraudulent and collusive as to Bruno and himself. The affidavit also stated that Carl was in breach of a larger business transaction with Bruno and Marsico of which the note was but a part. A second affidavit of one Kelcourse, purported to corroborate Marsico's affidavit.

Marsico's request for reconsideration was denied. Judgment entered against all the defendants on December 21, 1987. That judgment was vacated the next day by another Superior Court judge. The plaintiff then filed a motion for separate judgment against Marsico on January 6, 1988, on the ground that Bruno was in receivership and Marsico might dissipate his assets. A third Superior Court judge allowed that motion on January 19, 1988, and judgment entered, pursuant to Mass.R.Civ.P. 54(b), 365 Mass. 821 (1974), against Marsico for $200,000 on January 20, 1988. Marsico has appealed from that action.

"In reviewing a judge's action on a motion for summary judgment, we are required to determine whether there is a genuine issue of material fact and whether the moving party is entitled to judgment as a matter of law. Mass.R.Civ.P. 56(c), 365 Mass. 824 (1974)." *Boudreau* v. *Landry*, 404 Mass. 528, 530 (1989). The plaintiff having produced the note with the undisputed signatures of the co-makers thereon is generally entitled to summary judgment "unless [the opposing party] by proper affidavits or otherwise, 'set forth specific facts showing that there [was] a genuine issue for trial.' Mass.R.Civ.P. 56(e), 365 Mass. 825 (1974). *Community Natl. Bank* v. *Dawes*, 369 Mass. 550, 554 (1976)." *Guinness Import Company* v. *DeStefano*, 25 Mass. App. Ct. 366, 366-367 (1988). Here, we conclude that on the undisputed facts, the plaintiff, as matter of law, cannot recover from Marsico on the note.

The plaintiff brought this action against the co-makers on the note. Such an action will not lie because the plaintiff's affidavit established that Carl, one of the co-makers, had paid the amount due thereon to Century, effectively discharging his liability on the note (G. L. c. 106, § 3-603) and reacquiring the instrument in his own right (G. L. c. 106, § 3-208). Such action by Carl also discharged the liability on the instrument of co-makers

Marsico and Bruno. "The liability of all parties is discharged when any party who has himself no right of action or recourse on the instrument (a) reacquires the instrument in his own right; or (b) is discharged under [G. L. c. 106, § 3-603] . . . ." G. L. c. 106, § 3-601(3), as amended by St. 1958, c. 542, § 8. The Uniform Commercial Code is silent as to whether a co-maker has a right of recourse on the instrument against his co-makers or only a right to common law contribution. 5 Hawkland & Lawrence U.C.C. Series § 3-601:04 (1984). Prior to the adoption of the Uniform Commercial Code co-makers had no right of recourse on a note once full payment of the debt was made because such payment was seen as extinguishing the note. *Bryant* v. *Smith*, 10 Cush. 169, 171 (1852). Instead, because co-makers were presumed to be liable in equal amounts, a right of contribution existed between or among them, based not upon the instrument but upon an implied contract of reimbursement. 11 Am. Jur. 2d Bills & Notes § 588 (1963). Therefore, it would appear that under the Code, a co-maker's remedy against the other co-makers is not an action on the note but rather an action for equitable contribution toward the amount he paid on the note. See *Seronick* v. *Levy*, 26 Mass. App. Ct. 367, 372-373 (1988), citing *Quintin* v. *Magnant*, 285 Mass. 450, 451-452 (1934). See Restatement of Restitution § 81 (1937).

The plaintiff can succeed to no greater right than Carl, her assignor. *Merchants Discount Co.* v. *Federal Street Corp.*, 300 Mass. 167, 172-173 (1938). See also *Nissenberg* v. *Felleman*, 339 Mass. 717, 719-726 (1959). It follows that, because the plaintiff asserted in her affidavit that Carl had paid the note, her action on the note against the co-makers is not viable and must be dismissed. *Merchants Discount Co.* v. *Federal Street Corp.*, *supra* at 173.

Because of our holding, we do not discuss the other issues raised on appeal by Marsico.

The judgment is reversed and a new judgment is to be entered dismissing the plaintiff's complaint.

*So ordered.*

*Philip R. Berwish* for Anthony J. Marsico.
*Daniel Briansky* for the plaintiff.