Welsh, J.
This is an action brought by two co-makers and guarantors of a promissory note against the third co-maker and guarantor of said note, seeking contribution.
On April 26,1988, the plaintiffs and defendant executed and delivered a promissory note in the amount of $550,000 to the Home National Bank of Milford. The plaintiffs and defendant signed separate writings guaranteeing payment of said note, assuring prompt payment of the note and attorneys fees in the event of collection action occasioned by default. The note was secured by a mortgage on real estate the parties sought to develop.
Upon default, the bank foreclosed on the security and a deficiency of $124,927.91 resulted. The bank became insolvent and the Federal Deposit Insurance Corporation (herein after FDIC), as receiver, commenced an action against the makers and guarantors for the deficiency. During the pendency of the deficiency action, FDIC assigned without recourse its right, title and interest in the note to the plaintiffs in consideration of the payment of $100,000. The plaintiffs then commenced the instant action. The defendant was defaulted for failure to file a responsive pleading. A default judgment entered in the amount of $33,333 with interest and attorneys fee in the amount of $1,572.70.
The defendant filed a motion for relief from judgment, alleging lack of notice, lack of subject-matter jurisdiction and discharge.
The motion judge allowed the motion for relief from judgment and entered judgment on the merits for the defendant. The report states that the motion judge determined that the action was one for equitable contribution and, as such, was not within the subject matter jurisdiction of the District Courts.
The plaintiffs in their brief waived argument on the issue of the propriety of the judge’s order vacating the default judgment. The only issue is the dismissal of the action based upon the court’s determination of lack of subject-matter jurisdiction.
Since the sole issue reported is the question of subject-matter jurisdiction, we do not deal with the merits of this case. An Appellate Division is empowered and has a duty to deal with the questions of law reported and no others James J. Derba, Inc. v. Hamilton Service, Inc., 355 Mass. 127,130 (1969). This duty extends to consideration of questions of law necessarily attendant upon those reported. Bushnell v. Bushnell, 393 Mass. 462, 465 (1984).
A cause of action for contribution among co-guarantors arises not upon the instrument setting forth the obligation which is the subject of the guarantee, but rather rests upon an implied obligation, equitable in character, deriving from their relationship as co-guarantors. Nissenberg v. Felleman, 339 Mass. 717, 719 (1959). An action at law may be maintained provided certain conditions are satisfied, such as payment by the plaintiff-guarantor of the obligation to which he and the other *122 guarantors stand as surety. Id. at 725. The right of contribution may be enforced in an action at law upon the theory of a contract implied in law. D.R. SIMPSON & H.R. ALPERIN, SUMMARY OF BASIC LAW, §822 (2nd ed. 1974), citing Quintin v. Magnant, 285 Mass. 450 (1934), wherein it is stated: “It is true that contribution may be enforced in an action of contract but in many instances the contract is implied by legal fiction rather than found by rational inference ... A bill in equity often affords more complete remedies.” (emphasis added).Id. at 452. See also Nissenberg v. Felleman, 339 Mass. 717, 719 (1959).
The case of Rosenfield v. Fine, 298 Mass. 356 (1937), held that the section of the negotiable instruments act which provided that the instrument was discharged when the principal debtor became the holder of the instrument at or after maturity in his own right[3] did not destroy the right on contribution among principal debtors. Id. at 359.
The report intimates that considerable reliance was placed on the case of Awed v. Marsico, 27 Mass. App. Ct. 1140 (1989) in determining that the court lacked subject-matter jurisdiction. In that case, the Appeals Court held an action to enforce a note by one co-maker, who had acquired the instrument by assignment, against another would not lie since the note had been paid to the prior holder-assignor and that acquisition of the instrument by the plaintiff in his own right discharged the liability of the co-makers who were defendants in the action. Id. at 1141. In the instant case, the plaintiffs do not seek to enforce the obligation of the note itself, but rather are seeking contribution from the defendant for his pro rata share of the amount plaintiffs paid to acquire the note. In fact, the opinion in the Awed case expressly recognized that a co-maker’s remedy against the other co-makers was not an action on the note but an action for equitable contribution for the amount he paid on the note. Id. at 1142. That is precisely the relief sought here. Each comaker is presumptively liable for one-third of the amount paid in the absence of a showing of a binding contract between the co-makers of a different allocation of liability. See Capodilupo v. McCormack, 315 F. Supp. 526 (D. Mass. 1970). Of course, the defendant is entitled upon raising the issue in his answer or other responsive pleading to show a binding agreement between the co-makers/co-guarantors for a different formula for determining their liability inter se.
The case is remanded to the trial court. An order is to enter there vacating the judgment of dismissal. The case is to stand for further proceedings consistent with this opinion.
So ordered.

formerly G.L.c. 107, §142(5). Compare G.L.c. 106, §3-601(3) (a).