Lu, John T., J.

INTRODUCTION

The court denied the plaintiff, Judith Lacoss’ (Lacoss), motion for summary judgment. Lacoss moves for reconsideration arguing that she has produced the note and authenticated the signatures, all that is required to prevail on summary judgment. Lacoss argues that the opposition affidavits are so weak as to amount to no opposition and that the court’s denial of the motion for summary judgment was in error. The court agrees and after reconsideration, allows the motion for summary judgment.

BACKGROUND

On April 15, 2003, RCM Realty executed a promissory Note in the amount of $597,500 (the Note) to Lacoss. The terms of the Note were amended on January 11, 2005. Both the Note and the amendment are signed by Ronald Morrison. The Note provides that RCM Realty was obligated to pay Lacoss $100,000 by May 25, 2007, and the same sum or the remaining balance, if less than $100,000, on May 25th of each year until the balance is paid in full. Default is defined, in the Note, as the failure to pay any installment of principal and interest within ten days after receiving written notice. In addition, the Note provides that RCM Realty will pay Lacoss her attorneys fees and costs related to collection in case of default.
RCM Realty failed to make the payment of $ 100,000 due on May 25, 2007. Lacoss sent written notice, which RCM Realty received on July 24, 2007. Despite this notice, RCM Realty has failed to make payment. In this case, Lacoss claimed breach of contract seeking to recover the amount owed under the note. Lacoss moved for summary judgment, which was denied by this judge on April 28, 2008. According to the order, there was a genuine issue of material fact as to whether Lacoss was the holder of the note. Lacoss moves for reconsideration.

*410
DISCUSSION

The Supreme Judicial Court has stated that the plaintiff establishes a prima facie case to enforce a promissory note by producing the instrument and proving the signatures. See Loew v. Minasian, 361 Mass. 390, 391 (1972) (finding for plaintiff where a copy of the note was attached to the complaint); see also Guinness Import Co. v. Destefano, 25 Mass.App.Ct. 366, 366 (1988) (The plaintiff “having produced the note and established the genuiness of DeStefano’s signature thereon, cast on DeStefano the burden of establishing a defense”). Lacoss had produced the Note attached to her verified complaint as Exhibit A and Exhibit B (the amendment).
The inquiry, therefore, becomes whether Lacoss has established the genuineness of the signatures. Unless it is specifically denied in the pleadings, the signature on a negotiable instrument is admitted. Mass.R.Civ.P. 8(b). RCM Realty does not dispute that Ronald Morrison actually signed the Note and the amendment, but argues that there is a genuine issue of fact as to whether he signed the amendment in his capacity as President of RCM Realiy or as an individual. This does not present a genuine issue of material fact to warrant denial of summary judgment.
In Guinness Import Company, the defendant argued that summary judgment was improper because there were factual disputes as to whether he signed the Note as an accommodation. The court determined that defendant had the burden of proving in what capacity he signed the Note and “in the absence of verified allegations that would warrant an inference to that effect, the mere possibility does not preclude the entry of summary judgment . . 25 Mass.App.Ct. at 368. Similarly, in this case, RCM Realty has the burden of establishing in what capacity Morrison signed the Note. Morrison’s statement from his affidavit that he “cannot say with certainly in what capacity that [he] executed the document” does not prevent the entry of summary judgment.
The order denying summary judgment stated that there was a genuine issue of fact as to whether Lacoss was the holder because she did not affirmatively state in her verified complaint or any other supporting affidavit that she was in possession of the Note. However, in light of Loew and Guiness Import Company, it appears that possession is presumed if the plaintiff produces the Note and RCM Realty’s bare assertion that she is not the holder does not warrant denial. See Key Capital Corp. v. M&S Liquidating Corp., 27 Mass.App.Ct. 721, 727-28 (1989).

ORDER

The plaintiff, Judith Lacoss’, motion to reconsideration the court’s denial of her motion for summary judgment is ALLOWED. After reconsideration, the plaintiff, Judith Lacoss’, motion for summary judgment is ALLOWED.