Tucker, Richard T., J.
This matter came on for hearing upon cross motions for summary judgment under Rule 56 Mass.R.Civ.P. After careful review of the written submissions of counsel, and having the benefit of each counsel’s oral arguments, I find and rule as follows.
Applicable Standard
Summary judgment shall be granted only where there are no genuine issues of material fact in dispute and where the summary judgment record entitles the moving party to judgment as a matter of law. Opara v. Massachusetts Mutual Life Insurance Company, 441 Mass. 539, 544 (2004); Cassesso v. Commissioner of Correction, 390 Mass. 419, 422 (1983); Community Nat’l Bank v. Dawes, 369 Mass. 550, 553 (1976); Mass.R.Civ.P. 56(c). In deciding a motion for summary judgment, the court views the facts “in the light most favorable to . . . [the non-moving party], taking all the facts set forth in its supporting affidavits as true.” G.S. Enters., Inc. v. Falmouth Marine, Inc., 410 Mass. 262, 263 (1991). The moving party bears the burden of affirmatively demonstrating the absence of a genuine issue of material fact on every relevant issue. Pederson v. Time, Inc. 404 Mass. 14, 17 (1989). Once the moving party demonstrates the absence of a triable issue, “the non-moving party may not simply rest on pleadings, but his response, by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial.” Correllas v. Viveiros, 410 Mass. 314, 317 (1991), quoting Mass.R.Civ.P. 56(e). “A complete failure of proof concerning an essential element of the non-moving party’s case renders all other facts immaterial” and mandates summary judgment in favor of the moving party. Kourouvacilis v. General Motors Corp., 410 Mass. 706, 711 (1991), citing Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986).
FINDINGS OF FACT
From the pleadings, admissions and affidavits submitted, I make the following general findings of fact, reserving further specific findings for the Discussion of the issues.
1. On August 12, 2009, defendants executed a promissory note (the “Note”) under seal in the original face amount of $100,000.00 to defendants.
2. The defendant, Lisa M. Barnes, an attorney, drafted the Note.
3. The Note provides that the defendants are obligated to pay the entire outstanding principal balance and any and all other charges and expenses due under the Note in full by August 9, 2010.
4. The Note provides that interest shall be at a rate of two percent per month or $2,000.00 made payable to Flanagan commencing 30 days after funding of the note and continuing on the like day of the month thereafter.
5. The Note further provides that upon default, the defendants shall pay Flanagan the balance due plus three percent interest from the maturity date.
6. Default is defined in the Note as “(1) The Borrower shall fail to make any required payment of interest (or principal as per note terms) on this Note and such failure shall continue for more than Five (5) business days after written notice from the Lender to the Borrower thereof, [or] (2) Borrower (JoJo’s 10) becomes insolvent.”
7. The Note also provides that, upon default and notice, defendants must pay Flanagan for his attorneys fees and costs of collection.
8. The Note contains the signatures of defendants as managers and individually. The Note was signed as follows:
WITNESS TO ALL:
/s/ Jason Carrón
Jason Carrón
JoJo’s 10 Restaurant, LLC
/s/ Joseph H. White
Joseph H. White, as manager and Individually
/s/ Deborah E. White
Deborah E. White, as manager and Individually
/s/ Lisa M. Barnes
Lisa M. Barnes, as manager and Individually
9. The Note specifically states that “each reference in this Note to the undersigned, any endorser, or any guarantor, is to such person individually and also to any such persons jointly.”
10. Defendants failed to make their installment payment of $2,000.00 which was due and owing after December of 2009.
11. Flanagan then sent written notices to defendants of their failure to make their installation payment on September 3, 2010 and September 10, 2010. Such written notices advised defendants of plaintiffs claim being made pursuant to G.L.c. 93A.
12. Despite these written notices, defendants have failed to make any further payments to Flanagan pursuant to the Note.
13. The plaintiff is the holder of the Note. The Note is made payable to him, and his attorney has possession of the original signed Note.
14. The signatures that appear on the Note are valid and were signed by the defendants.
*206 DISCUSSION
The plaintiff John Flanagan (Flanagan) seeks summary judgment arguing that the defendants executed the promissory note in issue individually and that therefore he is entitled to judgment as a matter of law. Defendants, Joseph and Deborah White,[1] allege that the so called guarantees are void and/or unenforceable due to plaintiffs violation of the Federal Equal Credit Opportunity Act, 15 USC, §1691 etseq. (ECOA) and Regulation B, 12 CFR 202.1 et seq.; that the loan is usurious and unenforceable under G.L.c. 271, §49; that the defendants were not guarantors or individual makers of the note in question; and that at all times the loan obligation was that of the “Borrower,” JoJo’s 10 Restaurant, LLC. Accordingly the defendants seek summary judgment in a cross motion.
Normally, actions “to enforce promissory notes are specially suited to summary disposition.” United States Trust Company of New York v. Herriott, 10 Mass.App.Ct. 313, 320 (1980). Here, however, substantial defenses are raised by the defendants against the enforceability of the note against them. These defenses are discussed in turn.
1. The Federal Equal Credit Opportunity Act, 15 USC, §1691 et seq. and Regulation B, 12 CFR 2002.1 et seq. The defendants allege that it is a violation of the federal Equal Credit Opportunity Act (ECOA) to discriminate against applicants with respect to credit transactions on the basis of marital status. 15 USC, §1691(a). In the Federal Reserve System Regulations, it is provided that “a creditor shall not require the signature of an applicant’s spouse or other person other than a joint applicant, on any credit instrument if the applicant qualifies under the creditor’s standards of credit worthiness for the amount in terms of the credit requested.” 12 CFR 2002.7(d). The defendants argue that the signatures of the individuals purported to be affixed to the note individually, violates the ECOA since there is no showing that the Borrower, JoJo’s 10 Restaurant, LLC, was not credit worthy on its own. If JoJo’s 10 Restaurant, LLC was credit worthy, it is argued, the requiring of the additional signatures on the note subjects the Lender to actual and punitive damages plus attorneys fees. 15 USC, §1691e. These damages would, it is contended, offset any balance due under the note by said individuals.
The ECOA, however, regulates the practices of “creditors.” Under the Act a creditor is defined as “a person who, in the ordinary course of business, regularly participates in the decision of whether or not to extend credit ...” (emphasis added). “(T]he term also includes a person who, in the ordinary course of business regularly refers applicants or perspective applicants to creditors, or selects or offers to select creditors to whom requests for credit has been made.” Here there is no evidence that Flanagan was in the business of extending credit or that he did so “regularly.” I find upon the facts that Flanagan is not a creditor as defined by 12 CFR, §2002.2(1) and therefore the ECOA does not apply to this transaction nor do the regulations promulgated thereunder. Moreover, I find that Deborah White executed the note as a “manager” of JoJo’s 10 Restaurant, LLC and also, as did the other two defendants, as an individual. There is nothing to establish that Deborah White was required to sign or that she did in fact sign the note merely as the spouse of the defendant Joseph H. White.
2. The Usury Statute, G.L.c. 271, §49. It is admitted that as drawn the note provides for a yearly interest of twenty four (24%) percent. This is in excess of the rate of twenty (20%) percent set forth in the Usury Statute, G.L.c. 271, §49. That statute does not prohibit loans made in excess of twenty (20%) percent; the statute only requires that loans in excess of the established approved rate be made after notice has been provided to the Attorney General of the lender’s intent to charge an interest rate in excess of twenty (20%) percent. It is undisputed, and I so find, that Flanagan did not notify the Attorney General of his intent to charge an interest rate in excess of twenty (20%) percent.
The defendants seek, as a result of the violation of the Usury Statute, that the loan be rescinded and that a credit be awarded to them for excessive interest paid.
A court, in considering a violation of the Massachusetts Usury Statute, has considerable discretion in granting relief. Such relief would include an avoidance of the loan, a rescission of the loan, reformation of the loan, and/or other equitable relief. Beach Associates, Inc. v. Fauser, 9 Mass.App.Ct. 386, 394 (1980). In Beach Associates, Inc., the Appeals Court approved of a trial judge’s exercise of discretion of reforming the interest amount of the loan and refunding or crediting to the borrower any excessive interest paid. Beach Associates, Inc., v. Fauser, 9 Mass.App.Ct. at 394-95.
As in Beach Associates, factors exist in the instant loan which favor the reformation of the interest rate as opposed to voiding of the loan. In Beach Associates, Inc. the Appeals Court relied on the fact that “(t]he interest rate was agreed upon by all the parties after negotiation; the parties freely entered into this transaction at arms length and the defendants never complained about the transaction until after they were unable to make payments.” Those factors are present in the instant matter. Additionally, unlike the situation in Beach Associates, Inc., this court has already found that the note was drafted, not by the plaintiff Flanagan, but instead by the defendant Barnes, an attorney. Under these circumstances I find that the equitable remedy of reformation is appropriate. The interest rate of the loan from the date of the signing of the note shall be reformed to the maximum rate of twenty (20%) percent. Any overpayment of interest made by defendants shall be credited to them.
*207 3. The defendants’ signatures. Each of the defendants’ signatures appears on the loan note “as manager and Individually.” The Massachusetts Uniform Commercial Code provides that
(b) If a representative signs the name of the representative to an instrument and the signature is an authorized signature of the represented person, the following rules apply;
(1) If the form of the signature shows unambiguously that the signature is made on behalf of the represented person who is identified in the instrument, the representative is not liable on the instrument.
G.L.c. 106, §3-402. Defendants assert that they, as representatives of JoJo’s 10 Restaurant, LLC, signed as representatives of the company and therefore may not be held individually liable. To be sure, when a corporate or a limited liability company’s name is followed by the name and office of an authorized individual, that signature is made in a representative capacity. First Safety Fund National Bank v. Friel, 23 Mass.App.Ct. 583, 585 (1987). Here defendants indicated that they were each signing as a “manager” of JoJo’s 10. But the defendants also indicated that they were each also signing “Individually.” It is not unusual for officers or shareholders [members] of closely held corporations or LLC’s to sign business obligations in both a representative and individual capacity. Id. This is what defendants did here. Defendants argue in their memorandum that “[t]he plaintiff is unable to prove from this instrument that the Whites are personally liable on the promissory note.” Flanagan proves a prima facie case by establishing the validity of the signatures on the note and that he is the holder of the note. Loew v. Miasian, 361 Mass. 390 (1972); Guinness Import Co. v. DeStefano, 25 Mass.App.Ct. 366, 366-67 (1988). Having signed the Note, it is the defendants’ burden to establish that personal liability was not to attach from their signatures affixed “Individually.” First Safety Fund National Bank v. Friel, 23 Mass.App.Ct. at 585. This they have not established. I find that the individual signatures upon the Note, of Joseph H. White and Deborah E. White, subjects them to liability personally.
Being aware that neither the plaintiff nor these defendants (the Whites) drafted the Note, and allowing for the possibility that the defendants were mistaken in their understanding as to the consequences of the signatures affixed on the Note, this unilateral mistake on their part is not sufficient to invalidate the transaction. See, id. at 588, and cases cited therein. The Whites signed the note in a representative and individual capacity and both signings must be given effect.
ORDER
Summary judgment shall enter for plaintiff John Flanagan. The defendants’ cross motion for summary judgment is denied. The plaintiff shall submit within twenty (20) days a proposed judgment with the appropriate credits to defendants for any excessive interest paid and a recalculation of interest due and owing based on the reformed interest rate of twenty (20) percent per annum. If defendants, after review of the proposed judgment objects to or disagrees with the calculations, defendants should move for a hearing within ten (10) days of receipt.

The defendant Lisa M. Bames a/k/a Lisa Murphy is not a moving party.